UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Criminal Number |
| | ) | 25-62-SDN |
| THADIUS WIND. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF RELEASE PENDING SENTENCING

COMES NOW the Defendant, by and through counsel, Peter E. Rodway, Esq., and for his Memorandum of Law in Support of Release Pending Sentencing, states as follows:

I.    FACTS

1. Defendant was convicted of four out of the five counts charged in the Superseding Indictment.

2. There was no finding by the jury that, with respect to any of the counts upon which Defendant was convicted, the Defendant intentionally selected any victim based upon race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation. U.S.S.G. 3A1.1.

3. There was no evidence adduced during the trial that showed that Defendant had made any plans, nor that he had any capacity, to carry out the threats for which he was convicted. U.S.S.G. 2A6.1(b)(1).

4. Defendant has been convicted of making two or more threats. U.S.S.G. 2A6.1(b)(2).

5. Defendant appears to have three criminal history points as a result of a series of cases in June and July of 2021 and June of 2022. See Bail Report.

## DISCUSSION

U.S.S.G. 2A6.1 applies to the offenses of conviction in this case. According to 2A6.1, the Base Offense Level is 12. The only Specific Offense Characteristic that applies is 2A6.1(b)(2), in that there were more than two threats. Therefore, in applying 2A6.1, the offense level is raised to 14.

It is anticipated that the government may attempt to avail itself of Chapter Three enhancements to make the Adjusted Offense Level higher. Specifically, the government may argue that U.S.S.G. 3A1.1 applies due to the nature of the threat in Count 1 referring to the Jewish faith. For this section to apply, the jury would have needed to make a finding, beyond a reasonable doubt that Defendant selected the victim in Count 1 based upon religion. No such finding was made, nor did the government ask for such a finding. Therefore 3A1.1 does not apply.

The government may also argue that 3A1.2 applies because the threat in Count 3 referred to Kamala Harris, who was the Vice President at the time of the threat. For 3A1.2 to apply, the government must show that the selection of Kamala Harris as a victim was motivated by her position as Vice President. When considering the context of the threats for which convictions were obtained, Defendant did not select victims based upon anything in particular. His communications were all encompassing and did not discriminate. There were repeated communications in which Defendant writes about killing all of mankind. Therefore, it will be difficult, if not impossible, for the government to prove at sentencing that Defendant was motivated by Kamala Harris' position as Vice President. Therefore, 3A1.2 does not apply.

Based upon the analysis set forth above, the Total Offense Level will be 14. Total Offense Level 14, with a Criminal History Category II, yields a sentencing range of 18 to 24 months. Based upon good behavior only, an inmate's sentence is reduced by 15%.[1] Good time credits are given even for pre-sentence incarceration. If Defendant is given the high end of the guideline range, 24 months, he will be released after 20.4 months. If he is given the low end of the range, 18 months, he will be released after 15.3 months. At the mid-range, 21 months, Defendant will be released after 17.85 months. Defendant has been in jail since his arrest on March 27, 2025. He therefore has credit for time served of 16 months as of today. Therefore, if the normal pre-sentence process is followed, which usually takes about 4 months, and he is required to stay in jail pending sentencing, Defendant may serve more time than what his ultimate sentence will call for. For this reason, Defendant requests that the Court release Defendant pending sentencing on conditions that the Court deems appropriate.

Dated at Falmouth, Maine this 27th day of July, 2026.

/s/Peter E. Rodway, Esq.
251 U.S. Route 1, Suite W-18
Falmouth, Maine 04105
207-773-8449
peter@rodwaylaw.com

---

[1] Defendants convicted of 18 USC 871 offenses are not eligible for Earned Time Credits under the First Step Act.

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

   I hereby certify that on July 27, 2026, I electronically filed Defendant's Memorandum of Law in Support of Defendant's Release Pending Sentencing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney Alissa Ross, and I hereby certify that on July 27, 2026, I mailed by United States Postal Service, the document to the following non-registered participant: Mr. Thadius Wind.

             /s/Peter E. Rodway
             Rodway & Horodyski
             251 U.S. Route 1
             Falmouth, Maine 04105
             (207)773-8449
             peter@rodwaylaw.com